ORTIZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* SAN MIGUEL, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action of Revendication. — Motion for Dismissal. — Motion for Diminution of Record.

No. 3493.—Decided January 27, 1925.

APPEAL—EXTENSION OF TIME.—A district judge has power to sign an order granting an extension of time duly moved for when by inadvertence he did not sign it at the time, and the said order so ratified takes effect *nunc pro tunc*.

ID.—ID.—STENOGRAPHIC RECORD.—There is no statute requiring that a motion by a stenographer for an extension of time within which to prepare a transcript of the evidence shall bear an internal revenue stamp for $5.00.

The facts are stated in the opinion.

*Messrs. A. Arnaldo* and *H. F. Besosa* for the appellants.

*Mr. A. A. Vázquez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

After the transcript of the record had been filed in this court the appellee moved to dismiss the appeal on the grounds (1) that the stenographer filed the transcript of the evidence after the expiration of the 'time allowed him and (2) because the motion by the stenographer for an extension of time did not have an internal revenue stamp for $5 affixed thereto and canceled.

The appellant opposed the motion and alleged that the transcript of the evidence was filed by the stenographer within an extension of time granted him by the judge and that the internal revenue stamp was not necessary.

In support of the first ground of his motion the appellant moved to be permitted to amend the record by adding to it a certified copy of the order granting the extension, reading as follows:

"Whereas, on June 7, 1924, this court granted the stenographer an extension of forty days for filing the stenographic record, or from June the 10th to July the 20th;

"Whereas, by inadvertence the said order was not signed by the undersigned judge;

"Whereas, on this day the court's attention has been called to its failure to sign the order previously rendered and to which the first paragraph refers;

"Therefore, the court declares that the order of June 7th granting an extension to the stenographer is ratified, it being understood that the said order is effective as of June 7th, the day on which the court made it, thereby supplying the omission of the signature into which the judge inadvertently fell..

"Mayagüez, December 1, 1924.—(Signed) Angel Acosta, District Judge."

Is the order of the court as made and afterwards ratified valid?

We think so. According to a certificate of the clerk of the district court exhibited with the motion of the appellee, in the record of the case there appears a motion by the stenographer dated June 7th, 1924, for an extension of forty days. Endorsed on the said motion is an order granting the extension, but it is not signed by the judge. Later the judge explains clearly and properly what had really occurred, declaring that the order was made but not signed through inadvertence, for which reason he ratified it. What the judge did was to state and ratify the facts and his power to do so is clear.

The appellee is in error as to the necessity of the internal revenue stamp. The case of *Nazario v. Santos,* 27 P. R.R. 83, is not applicable. An internal revenue stamp for $5 is required to be affixed to the notice of appeal. Act No. 17 of 1915. The stenographer did not take the appeal. He did something within the appeal already taken. The stenographer is not a party to the action, but an official called upon to discharge certain duties in connection with an appeal taken by the interested party. The question is so clear that the contention is absolutely without merit.

Therefore the motion for diminution of the record is sustained and the motion for dismissal overruled.

*Motion for dismissal overruled.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.